UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------x
In re                                      :    Chapter 11
                                           :
REFCO INC., et al.,                        :    Case No. 05-60006 (RDD)
                                           :
                           Debtors.        :    (Jointly Administered)
----------------------------------x
REFCO CAPITAL MARKETS, LTD.,               :
REFCO F/X ASSOCIATES, LLC,                 :
                                           :    Adv. Proc. No. 05-03224 (RDD)
                                           :
                Plaintiffs,                :
       v.                                  :
                                           :
ACM ADVANCED CURRENCY                      :
MARKETS S.A., LLOYD LA MARCA,              :
ALEXANDER AXARLIS, BENOÎT                  :
SAUVAIN, AND NICHOLAS BANG,                :
                                           :
                Defendants.                :
----------------------------------x

## TEMPORARY RESTRAINING ORDER

The Court has reviewed the Verified Complaint and the Emergency Motion for Temporary Restraining Order and for Preliminary Injunction ("Emergency Motion"). Based thereon, and good and sufficient cause appearing therefor,

The Court hereby **FINDS THAT**:

1.   Plaintiffs Refco Capital Markets, Ltd. ("RCM") and Refco F/X Associates, LLC ("RFX"), as debtors and debtors in possession (collectively, "Debtors"), have established a substantial likelihood that they will succeed on the merits of their claims, in whole or in part, as set forth in the Verified Complaint.

2. The Debtors will suffer irreparable injury if emergency injunctive relief is not granted, in that, among other things, without immediate relief the Debtors may be unable to prevent or reverse the efforts of Defendants ACM Advanced Currency Markets S.A. ("ACM"), Lloyd La Marca, Alexander Axarlis, Nicholas Bang, and Benoît Sauvain to divest the Debtors of their position as controlling shareholders of ACM and Defendants' efforts to issue shares to ACM's minority shareholders and others at below-market prices, thereby reducing the value of the Debtors' existing shares without any corresponding benefit; Defendants' misconduct would continue to disrupt the Debtors' efforts to sell their shares in ACM on a previously scheduled auction under the supervision of this Court and would dilute, and depress the price or value of, those shares; and the Debtors would be subjected to substantial burden, expense and delay to remedy the Defendants' misconduct through legal proceedings in Switzerland.

3. A money judgment is unlikely to provide adequate compensation for such harm, disruption, burden, expense, and delay and the adverse consequences to the Debtors' reorganization process and prospects.

4. The balance of hardships tips sharply in favor of the Debtors and supports the grant of emergency injunctive relief.

5. Public policy, and in particular the importance of preserving the integrity of the automatic stay under 11 U.S.C. § 362(a), the bankruptcy laws of the United States, this Court's authority over the Debtors' estates, and the Debtors' efforts to maximize the value of their estates, supports the grant of emergency injunctive relief.

6.      Granting injunctive relief on an emergency basis is appropriate to protect the Debtors and their estates against further harm, disruption, burden, and expense, and against further interference by Defendants, and accordingly notice of the Emergency Motion, as described in the affidavits regarding service, was appropriate in the circumstances, including the nature of the Defendants' actions against the Debtors, and afforded adequate opportunity for response.

7.      Because injunctive relief is sought by the Debtors as debtors in possession and in the circumstances presented by the Emergency Motion and the Verified Complaint and other evidence filed in support of the Emergency Motion, in accordance with Bankruptcy Rule 7065 no security shall be required as a condition to the issuance of this temporary restraining order.

Based on the foregoing findings and on any additional findings stated on the record at the hearing scheduled hereby, and for any additional reasons stated on the record at the hearing, and good and sufficient cause appearing therefor,

The Court hereby **ORDERS THAT:**

8. The Emergency Motion is granted to the extent it seeks a temporary restraining order against Defendant ACM and the scheduling of a hearing on Debtors' request for a preliminary injunction.

9. Until the earlier of midnight at the conclusion of the 10th day after entry of this temporary restraining order and the entry of an order on the balance of the Emergency Motion, unless extended by Court order or consent of a party, Defendant ACM and its directors, officers, employees, counsel, agents, and all other persons acting under, in concert with, or for it, are restrained and enjoined from violating the automatic stay, including without limitation:

    (a) issuing any shares of ACM to reduce or further reduces the percentage of shares in the aggregate held by RCM and RFX below 51% of all outstanding shares;

    (b) disposing of any of the proceeds from the November 15, 2005 ACM capital increase; and/or

    (c) delivering any ACM shares (regardless of whether ACM has received payment or other consideration for those shares) previously issued as a result of the increase in the share capital of ACM that was purportedly authorized on or about November 15, 2005.

10. A hearing on the balance of the Emergency Motion, including the request for a preliminary injunction, will be held on December 8, 2005, at 10:00 a.m. (EST). Any opposition to the preliminary injunction must be filed with the Court and served in accordance with the Case Management Order under 11 U.S.C. §§ 102(1) and 105 and Fed. R. Bankr. P. 2002(m), 9006, 9007, and 9014 Establishing, Among Other

4

Things, (i) Omnibus Hearing Dates, (ii) Certain Notice, Case Management, and Administrative Procedures, and (iii) Independent Website.

11. The Debtors shall serve a copy of this Order and all pleadings in this adversary proceeding upon the Defendants on or before December 5, 2005.

Dated: December 5, 2005.

                                                                  /s/ Robert D. Drain
                                                     United States Bankruptcy Judge