UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| REFCO INC., et al., | : | Case No. 05-60006 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| REFCO CAPITAL MARKETS, LTD., | : | |
| REFCO F/X ASSOCIATES, LLC, | : | |
| | : | Adv. Proc. No. 05-03224(RDD) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ACM ADVANCED CURRENCY | : | |
| MARKETS S.A., LLOYD LA MARCA, | : | |
| ALEXANDER AXARLIS, BENOÎT | : | |
| SAUVAIN, AND NICHOLAS BANG, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## **Preliminary Injunction**

The Court has reviewed the Verified Complaint and the Emergency Motion for Temporary Restraining Order and for Preliminary Injunction ("Emergency Motion"), the Opposition of Defendants to Requests by Refco for Request for Preliminary Injunction, and the Debtors' Reply to Defendants' Opposition to Refco's Request for Preliminary Injunction ("Reply"), and on January 31, 2006 held a hearing on the Emergency Motion at which it granted the Debtors' request for a preliminary injunction as stated on the record. Based thereon, the record in these cases, and on the separate findings of fact and conclusions of law, and good and sufficient cause appearing therefor,

The Court hereby **ORDERS THAT:**

1. The Emergency Motion is granted to the extent it seeks a preliminary injunction.

2. The Defendant ACM and its directors, officers, employees, counsel, agents, and all other persons acting under, in concert with, or for, Defendant ACM are restrained and enjoined pending judgment in this adversary proceeding from violating the automatic stay, including, without limitation, from doing any or all of the following:

   (a) issuing any shares of ACM to reduce or further reduce the percentage of shares in the aggregate held by RCM and RFX below 51% of all outstanding shares;

   (b) disposing of any of the proceeds from the November 15, 2005 ACM capital increase;

   (c) delivering any ACM shares (regardless of whether ACM has received payment or other consideration for those shares) previously issued as a result of the increase in the share capital of ACM purportedly authorized on or about November 15, 2005.

3. Pending further order of the Court, Defendant ACM and its directors, officers, employees, counsel, agents, and all other persons acting under, in concert with, or for, Defendant ACM are hereby directed forthwith:

   (a) If and when the ACM shares currently held by a judicial officer in Switzerland under an order of the Swiss court are released, to deliver those ACM shares to the Court, a Court appointed third party, or the Swiss judicial officer enforcing this Preliminary Injunction upon recognition thereof in Switzerland, to be held until further order of this Court;

2

    (b)    To take all steps necessary to immediately confirm that the purported authorization to increase the share capital of ACM by shareholders on or about November 15, 2005, the subsequent registration of the capital increase with the commercial register of Geneva, and the issuance of additional shares ("Additional Shares") in ACM as a result of the purported capital increase were ineffective *ab initio* and of no effect, in Switzerland or elsewhere, until further order of this Court;

    (c)    To instruct those persons under ACM's employment, direction or control, or acting in concert with, or for, ACM, to return the Additional Shares to ACM and not to exercise any rights in respect to the Additional Shares;

    (d)    To take all steps available to immediately reverse, or otherwise cancel the effect of, the registration of the capital increase with the commercial register of Geneva, pending further order of this Court.

4. In accordance with Rule 62 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7062, this Order is effective immediately upon its entry on the docket of this Court, and it shall not be stayed, whether upon the filing of a notice of appeal, a motion for reconsideration, or otherwise, except upon separate order of this Court or any appellate court.

5. The Debtors are authorized to seek an order of the Swiss courts, in the interests of comity with this Court, to enforce this Preliminary Injunction in Switzerland to the fullest extent permitted by Swiss law.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: March 6, 2006.

                              /s/Robert D. Drain_____
                              United States Bankruptcy Judge