UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| REFCO INC., et al., | : | Case No. 05-60006 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| REFCO CAPITAL MARKETS, LTD., | : | |
| REFCO F/X ASSOCIATES, LLC, | : | |
| | : | Adv. Proc. No. 05-03224(RDD) |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ACM ADVANCED CURRENCY | : | |
| MARKETS S.A., LLOYD LA MARCA, | : | |
| ALEXANDER AXARLIS, BENOÎT | : | |
| SAUVAIN, AND NICHOLAS BANG, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Findings of Fact and Conclusions of Law
in Support of Preliminary Injunction**

The Court has reviewed the Verified Complaint and the Emergency Motion for Temporary Restraining Order and for Preliminary Injunction ("Emergency Motion"), the Opposition of Defendants to Requests By Refco For Request for Preliminary Injunction, and the Debtors' Reply to Defendants' Opposition to Refco's Request for Preliminary Injunction ("Reply"), and held a hearing on the Emergency Motion on January 31, 2006 at the conclusion of which it granted the Debtors' request for a preliminary injunction as stated on the record. Based thereon, and good and sufficient cause appearing therefor, the Court, in addition to the findings of fact and conclusions of

law stated orally on the record, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Defendant ACM Advanced Currency Markets S.A. ("ACM") has been properly served with the Emergency Motion. Defendants ACM, Lloyd LaMarca, Alexander Axarlis and Nicholas Bang had notice of the Emergency Motion and of the hearing thereon and had an opportunity to present a full statement of defense to the Emergency Motion and to have their arguments heard in this Court, both in writing in advance of the hearing and on the record at the hearing on the Motion. Defendants ACM, Lloyd LaMarca, Alexander Axarlis, and Nicholas Bang filed an opposition to the Emergency Motion which, among other things, argued that this Court did not have personal jurisdiction over the Individual Defendants Lloyd LaMarca, Alexander Axarlis, and Nicholas Bang.

2. Plaintiffs Refco Capital Markets, Ltd. ("RCM") and Refco F/X Associates, LLC ("RFX"), as debtors and debtors in possession (collectively, the "Debtors") have established a substantial likelihood that they will succeed on the merits of their claims, in whole or in part, as set forth in the Verified Complaint.

3. To the extend that such showing is relevant, given Defendant ACM's violation of the automatic stay under 11 U.S.C. § 362(a), the Debtors will suffer irreparable injury if preliminary injunctive relief is not granted, in that, among other things, without immediate relief the Debtors may be unable to prevent or reverse the efforts of Defendants ACM, Lloyd La Marca, Alexander Axarlis, Nicholas Bang, and

Benoît Sauvain to divest the Debtors of their position as controlling shareholders of ACM and Defendants' efforts to issue shares to ACM's minority shareholders and others at below-market prices, thereby depriving the Debtors' of their percentage interest in the shares and reducing the value of Debtors' existing shares without any corresponding benefit; Defendants' misconduct would continue to disrupt Debtors' efforts to sell their shares in ACM under the supervision of this Court and would depress the price or value of those shares; and the Debtors would be subjected to substantial burden, expense and delay to remedy the Defendants' misconduct only through legal proceedings in Switzerland.

4. To the extent that any of the below conclusions of law may be considered findings of fact, the same are incorporated by reference as though fully set forth as findings of fact.

### Conclusions of Law

5. To the extent that any of the above findings of fact may be considered to constitute conclusions of law, the same are incorporated by reference as though fully set forth as conclusions of law.

6. This Court has subject matter jurisdiction over the Emergency Motion, in that the Emergency Motion seeks an order interpreting, applying and enforcing the automatic stay of section 362 of the Bankruptcy Code, 11 U.S.C. § 362 in these title 11 cases and therefore is a proceeding "arising under title 11 or arising in . . . a case under title 11," as required by under 28 U.S.C. §§ 1334(b), 157(b).

7.      This Court has personal jurisdiction over Defendant ACM. ACM has consented to this Court's jurisdiction by appearing as a party in interest in these cases and by filing an objection to a motion unrelated to this adversary proceeding. Although ACM argued that this Court should not exercise jurisdiction over ACM, this Court does not accept that argument and determines to exercise personal jurisdiction over ACM in connection with this adversary proceeding and the Emergency Motion because ACM has filed a notice of appearance in these chapter 11 cases and because the effectiveness of the automatic stay, which is at issue here, particularly in connection with a complex case with international connections such as this case, is fundamental to the orderly conduct of the chapter 11 cases.

8.      The events described in paragraph 3 constitute violations of the automatic stay for the purpose of obtaining preliminary injunctive relief.

9.      A money judgment is unlikely to provide adequate compensation for such harm, disruption, burden, expense, and delay and the adverse consequences to the Debtors' reorganization process and prospects, and, in any event, the unavailability of money damages as adequate compensation is not required as a condition to an order enforcing the automatic stay.

10.      The balance of hardships tips sharply in favor of Debtors and supports the grant of a preliminary injunction.

11.      Public policy, and, in particular, the importance of preserving the integrity of the automatic stay under 11 U.S.C. § 362(a), the bankruptcy laws of the United States, this Court's authority over the Debtors' estates and the property of the

estates, and Debtors' efforts to maximize the value of their estates, supports the grant of a preliminary injunction.

12. Granting a preliminary injunction is appropriate to protect the Debtors and their estates against further harm, disruption, burden, and expense, and against further interference by Defendants, and accordingly notice of the Emergency Motion, as described in the affidavits regarding service and evidenced by Defendants' stipulation to continue the hearing on the Emergency Motion, was appropriate in the circumstances, including the nature of the Defendants' prior actions against the Debtors, and afforded adequate opportunity for response.

13. Because the Debtors seek a preliminary injunction in their capacity as debtors in possession and in the circumstances presented by the Emergency Motion, the Verified Complaint, the Reply, and other evidence filed in support of the Emergency Motion, in accordance with Bankruptcy Rule 7065, no security shall be required as a condition to the issuance of this preliminary injunction.

Dated: March 6, 2006.

/s/Robert D. Drain_____
United States Bankruptcy Judge